UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10672-RGS

THOMAS A. HICKEY, III

v.

SUFFOLK SUPERIOR COURT
SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE
MAGISTRATE JUDGE JENNIFER BOAL
NEIL J. GALLAGHER, JR., and
CAROLINE HUMPHREY

ORDER

April 9, 2020

STEARNS, D.J.

Claiming a "history of lung problems," plaintiff Thomas Hickey, III brings this civil suit and request for injunctive relief against a variety of federal and state government entities and officials claiming that his detention in a Massachusetts Correctional facility may result in the contraction of the coronavirus.[1]  Pl.'s Aff. at 3 and Ex. A (Dkt 8-1 and 8-2). Pursuant to 28 U.S.C. § 1915A, the court must screen and dismiss claims by prisoners if it determines, among other things, that the Complaint fails to state viable claims upon which relief can be granted.  *See* 28 U.S.C. §

---

[1] For purposes of this Order, the court construes the facts set out in the motion for preliminary injunction (Dkt. #2) together with the Complaint.

1915A(b).  As set out below, Hickey's Complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A, his motion for injunctive relief is denied, and no filing fee is assessed.

The claims against Suffolk Superior Court and Suffolk County District Attorney's Office appear to be brought as a civil rights action under 42 U.S.C. § 1983.  As an initial matter, the court must abstain from interference with Hickey's state criminal charges pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).[2]  Notwithstanding, Hickey's claims against these two state entities are barred by Eleventh Amendment sovereign immunity.  *See Azubuko v. Massachusetts Asst. Atty. Gen.*, 2006 WL 3511355, at *2 (D.N.H. Dec. 4,

---

[2] Hickey's claim that his potential extended pretrial detention might expose him COVID-19 due to current overcrowding conditions in the Massachusetts jails is premature.  Indeed, according to the motion, Hickey has not yet heard whether his trial is further postponed.  Further, his Complaint was signed on April 2, 2020, the day before the Massachusetts Supreme Judicial Court's April 3, 2020 Order responding to pre-trial detainee concerns about COVID-19:

> Due to the crisis engendered by the COVID-19 pandemic, pretrial detainees who have not been charged with an excluded offense . . . are entitled to a rebuttable presumption of release on personal recognizance, and a hearing within two business days of filing a motion for reconsideration of bail and release, in accordance with the procedures set forth in this opinion.

*Comm. for Pub. Counsel Servs. v. Chief Justice of Trial Court*, No. SJC-12926, 2020 WL 1659939, at *14 (Mass. Apr. 3, 2020).  Hickey (or presumably his criminal counsel) would not have had an opportunity to explore the applicability of the Supreme Judicial Court's Order to his present circumstances.

2006)  (Suffolk Superior Court is immune from suit as an arm of the state under the Eleventh Amendment); *Miller v. City of Bos.,* 297 F. Supp. 2d 361, 369 (D. Mass. 2003) (District Attorney's Office is immune from civil rights action under the Eleventh Amendment).

While the allegations in Hickey's pleadings are focused on potential future harm and fail to address these official's role in those claims, the court can only assume that they are named as parties relating to their judicial and prosecutorial functions.  Any claims against United States Magistrate Judge Jennifer Boal are barred by the doctrine of absolute judicial immunity as her actions taken with regard to Hickey were performed within the scope of her judicial authority.  *See Bradley v. Fisher,* 80 U.S. 335, 347 (1872) *(*Judicial immunity "is a general principle of the highest importance to the proper administration of justice . . . . Liability . . . would destroy that independence without which no judiciary can be either respectable or useful. . . . Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed*."); see also Zenon v. Guzman*, 924 F.3d 611, 617 (1st Cir. 2019).  Similarly, Assistant District Attorney Caroline Humphrey and Assistant United States Attorney Neil Gallagher enjoy prosecutorial immunity from civil suits resulting from the performance

of their government duties.  *See Imbler v.* Pachtman, 424 U.S. 409 (1976); *Harrington v. Almy*, 977 F.2d 37, 41 (1st Cir. 1992).

For the reasons stated, the Complaint is <u>DISMISSED</u> and the motion for injunctive relief is <u>DENIED.</u>  The Clerk is directed to enter a separate order of dismissal of this action with prejudice and close the case.

SO ORDERED.

<u>Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE